IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02435-PSF-PAC
(Consolidated with 04-cv-00639-PSF-PAC)

LILLIAN F. SANDLE,

    Plaintiff(s),

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

    Defendant(s).
_____

Civil Action No. 04-cv-00639-PSF-PAC
(Consolidated with 03-cv-02435-PSF-PAC)

LILLIAN F. SANDLE,

    Plaintiff(s),

v.

ANTHONY J. PRINCIPI;
ED SANCHEZ;
RAYMOND DELUNA; and
E. THORSLAND, JR.,

    Defendant(s).
_____

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
ON MOTION FOR RECONSIDERATION**
_____

Patricia A. Coan, Magistrate Judge

    This is an employment discrimination case.  A May 19, 2004 Order of

Reference referred this matter to the undersigned for pretrial case management and for

recommended rulings on dispositive motions. See Doc. # 19. Now before the court is the remand from the District Judge, see Doc. # 198, for reconsideration of my order, Doc. # 188, granting defendant Principi's motion to file an amended answer and counterclaim. Doc. #185.

I.

The Federal Rules of Civil procedure do not expressly provide for motions for reconsideration. *See Hannah v. Roadway Express, Inc.*, 200 F.R.D. 651, 653 (D.Colo. 2001). Notwithstanding, such motions are generally accepted and construed under Rule 59(e) or Rule 60(b), Fed. R. Civ.P.

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than [ten] days after entry of judgment." Fed. R. Civ.P. 59(e) (2006). Consideration of plaintiff's motion here would be premature under Rule 59(e) because a judgment has not been entered in this case.

Rule 60 states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial. . . (3) fraud. . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged. . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ.P. 60(b)(2006).

II.

Plaintiff did not ask for reconsideration expressly in a motion. Instead, she filed a Rule 72, Fed. R. Civ. P., Objection, see Doc. # 196, which then was remanded to me for reconsideration. See Doc. # 198 at 2. Essentially, plaintiff is asking for relief from my order allowing amendment of the answer to allow a restitution or unjust enrichment counterclaim. She argues that: the ruling should have been deferred until a response was filed; the motion to amend should have been denied because amendment under Rule 15 would be futile; and, the motion to amend should have been denied because defendant unduly delayed in moving to amend.

*A. Local Rule 7.1.C.*

As grounds for her objection/motion for reconsideration, plaintiff does not allege any of the Rule 59(e) or Rule 60(b) grounds. Instead, plaintiff objects to the order because defendant's motion was opposed and because I ruled on the motion before the deadline for plaintiff's response.

Plaintiff's contention, however, does not constitute a ground for reconsideration under either Rule 59(e) or Rule 60(b). Indeed, the Local Rules of this Court specifically provide that a judicial officer need not wait for a response before ruling on a motion. D.C. Colo. L. Civ. R. 7.1.C. states that "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

*B. Futility of Amendment*

Next, plaintiff argues that defendant's proposed amendment would have been futile so that the motion should have been denied under Rule 15(a), Fed.R. Civ.P.

Specifically, plaintiff argues that defendant's counterclaim is a permissive claim for unjust enrichment which is barred by a three year statute of limitations. I consider this argument under Rule 60(b)(6).

Plaintiff has not stated any of the grounds for relief under Rule 60(b). Rule 60(b)(6) thus applies, which allows relief from an order for "any other reason justifying relief."  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case," *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (internal quotation marks omitted). but a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir.1993).  Accordingly, I review my order allowing the defendant's counterclaim under Rule 60(b)(6) and in light of Rules 15 and 16, Fed. R.Civ.P. to determine whether vacating the order allowing amendment would "accomplish justice," and whether these are "extraordinary circumstances."

Leave to amend under Rule 15, Fed. R. Civ.P. is discretionary with the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  Refusing leave to amend is justified, however, upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,1185

(10th Cir. 1990). Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party. *See id.*; *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993)(motion to amend filed four months after the deadline denied as untimely). Finally, futility may be another reason to deny amendment. *See Bradley v. Val-Mejias*, 379 F.3d 892 (10th Cir. 2004); *Jefferson County School Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal").[1]

Upon review of plaintiff's arguments and upon reconsideration of my order, I find that I need not address plaintiff's futility contention because I grant the motion for reconsideration and vacate my previous order because defendant did not have good cause for amendment. See Section C., infra.

*C. Undue Delay*

I evaluate plaintiff's undue delay argument under the rubric of Rule 60(b)(6) and in light of Rules 15 and 16, Fed. R.Civ.P. Under Rule 15, untimeliness alone may be a sufficient basis for denial of leave to amend and prejudice to the opposing party need not also be shown. *Frank*, 3 F.3d at 1365; *Las Vegas,* 893 F.2d at 1185. Courts look to the reasons for the delay and the presence or absence of excusable neglect. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987). Leave to amend may be denied where the moving party was aware of the facts on which the amendment

---

[1] Curiously, although the Amended Answer and Counterclaim was filed on February 1, 2006, see Doc. # 208, according to the Clerk of the Court's record, plaintiff has neither answered nor filed a motion to dismiss the counterclaim to date.

5

was based for some time prior to the filing of the motion to amend. *Id.* Stated another way, where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial. *See Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991); *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984)(internal citations omitted).

Moreover, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a pleading after the Scheduling Order's deadline has passed.  *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts.)  Thus, after the amendment deadline has passed, a two step analysis is required: if Rule 16(b)'s good cause requirement is met, then the court may consider whether leave to amend should be permitted under Rule 15(a). *Pumpco, Inc.* v. *Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Rule 16(b) thus establishes a "more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Colorado Visionary Academy*, 194 F.R.D at 687 (internal citations omitted).

Here, the amended scheduling order's deadline for amendment of pleadings was December 1, 2005.  See Doc. # 172 at 4.  Defendant filed his motion to amend on

December 9, 2005, eight days past the deadline. As grounds for the request to amend to add the restitution/unjust enrichment counterclaim, defendant stated only that he had "inadvertently neglected" to include a restitution counterclaim for recovery of the $66,000 plaintiff retained when she settled a previous claim. See Doc. # 185 at 4.

I recommend finding that defendant here should have been aware, while investigating plaintiff's claims after service was made on the United States Attorney on May 13, 2004, of the settlement agreement and monies paid, which are the bases of the restitution/unjust enrichment counter-claim. It is clear that defendant was aware at some time before he filed his answer on April 25, 2005, because he listed three defenses based on the settlement agreement in that answer. See April 25, 2005 Answer, Doc. # 90, Defenses 2, 11 and 12. With knowledge of the facts to support the counterclaim, defendant inexplicably delayed in moving to amend to include the counterclaim for almost seven months after filing his answer, and nearly 31 months after being served.

Defendant's "inadvertent neglect" is not a persuasive explanation for the failure to raise the restitution/unjust enrichment counterclaim when defendant knew or should have known of the 1997 settlement agreement within one or two months after being served and certainly as of July 20, 2004, when he filed his motion to dismiss or for summary judgment (on grounds unrelated to the settlement agreement). Defendant further has not demonstrated that he could not meet the scheduling order's December 1, 2005 deadline despite his diligent efforts. Indeed, while I commend defense counsel

for his candor to the court in admitting that the counterclaim had been inadvertently neglected, I cannot find good cause under Rule 16(b) for amendment to allow the counterclaim because I recommend finding that defendant was aware of the fact of the settlement and of the amount paid at the latest when he filed his motion to dismiss or for summary judgment July 20, 2004. He then waited nearly seventeen months before moving to amend on December 9, 2005.

I further do not find any showing of diligence between July 20, 2004, when the motion to dismiss or motion for summary judgment was filed, and December 9, 2005, the date the motion to amend was filed. No explanation has been given for the inordinate delay. Amendment should have been denied on that basis alone under *Woolsey*, 934 F.2d at 1462. Further, under *Colorado Visionary Academy*, 194 F.R.D at 688, lack of good cause under Rule 16(b) is another ground to deny amendment.

I recommend finding that the circumstances here are extraordinary in that there was such a substantial delay without any justification, before the motion to amend was filed. I recommend finding that relief from the order allowing amendment will accomplish justice since it would be fundamentally unfair for plaintiff to respond now, almost three years after filing suit, to a restitution/unjust enrichment counterclaim, and to prepare for trial when the settlement and payment events occurred nine years ago in 1997. For those reasons, I recommend finding that the circumstances constitute "any other reason justifying relief" under Rule 60(b)(6).

III.

Accordingly, for the reasons stated, to the extent that plaintiff's Objection was remanded for reconsideration of my order permitting amendment of the answer to include the restitution/unjust enrichment counterclaim, see Doc. # 198 at 2, it is hereby

**ORDERED** GRANTED in that the court has reconsidered the order permitting amendment of the answer to add a counterclaim of restitution/unjust enrichment. The motion is further

**ORDERED** GRANTED in that I will vacate my order permitting amendment and recommend striking the restitution counterclaim. It is therefore further

**ORDERED** that my order, Doc. # 188, permitting defendant to add the counterclaim of restitution (or unjust enrichment) to his amended answer is VACATED; it is further

**ORDERED** that any of plaintiff's other objections in Document Numbered 196, which the court considers to be requests for reconsideration, and which are not addressed in this Order and Recommendation are DENIED in their entirety. It is further

**RECOMMENDED** that the district judge STRIKE defendant's restitution/unjust enrichment counterclaim.

**Within ten days after being served with a copy of the proposed findings and recommendation of the magistrate judge, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or**

**specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated July 21, 2006.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge