IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02435-PSF-PAC
(formerly consolidated with 04-cv-00639-PSF-PAC)

LILLIAN F. SANDLE,

    Plaintiff,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

    Defendant.[1]

**ORDER ON DEFENDANT'S OBJECTIONS TO ORDER AND RECOMMENDATION
OF MAGISTRATE JUDGE DATED JULY 21, 2006**

This matter comes before the Court on Defendant's Objections (Dkt. # 236) to the Order and Recommendation of the Magistrate Judge filed on July 21, 2006 (Dkt. # 224), in which she granted reconsideration of her December 19, 2005 order (Dkt. # 188). That earlier order allowed defendant to amend his answer to assert a counterclaim for restitution/unjust enrichment against plaintiff. The later order of the Magistrate Judge vacated her prior order, and recommended striking of defendant's counterclaim which had been allowed by the prior order.

On August 10, 2006, defendant timely filed his objections to the recommendation (Dkt. # 236). On August 30, 2006, plaintiff filed her response to defendant's objections

---

[1] On July 25, 2006, the Court granted the stipulated motion to dismiss Civil Action No. 04-cv-00639-PSF-PAC as well as defendants Sanchez, DeLuna and Thorsland (Dkt. # 226). In addition, the Court, *sua sponte*, hereby substitutes R. James Nicholson, the current Secretary of Veterans Affairs as the sole named defendant in lieu of his predecessor. Accordingly, the caption is hereby amended and the parties are directed to use the new caption.

(Dkt. # 241). This case is set for a trial commencing November 6, 2006. The matter is fully briefed and the Court finds that a hearing will not materially assist its determination.

The Order and Recommendation of the Magistrate Judge fully and correctly sets forth the background of this dispute and the Court need not repeat the details here. Suffice it to say that plaintiff, who was formerly *pro se* in this employment dispute, was permitted to file an amended complaint after counsel appeared for her, and on November 9, 2005 she filed her Second Amended Complaint (Dkt. # 169). On November 15, 2005, the Magistrate Judge entered an amended scheduling order which set December 1, 2005 as the deadline for amending pleadings (Dkt. # 172 at 4). On November 25, 2005, Defendant Principi, the only defendant named in the Second Amended Complaint, timely filed his answer to the Second Amended Complaint (Dkt. # 179). (As noted above in footnote 1, Defendant Nicholson has replaced Defendant Principi as Secretary of Veteran Affairs and is substituted as the named defendant.) Defendant failed, however, to assert the counterclaim that he later sought to bring in that answer. On December 9, 2005, defendant moved to amend his answer to assert the counterclaim (Dkt. # 185), which the Magistrate Judge granted by minute order on December 19, 2005 (Dkt. # 188).

On January 3, 2006, plaintiff filed an objection to the Magistrate Judge's order allowing the defendant to amend to assert the counterclaim, asserting, *inter alia*, that the order had been entered prior to her having an opportunity to respond. Plaintiff argued the addition of the counterclaim was untimely, given the December 1, 2005 deadline for amending pleadings contained in the amended scheduling order (Dkt.

2

# 196).  *See* Dkt. # 172 at 4.  Because this Court viewed the plaintiff's objection as effectively a motion to reconsider, it referred the appeal to the Magistrate Judge (Dkt. # 198).  The Order and Recommendation of the Magistrate Judge at issue here followed.

For the following reasons, the Court declines to accept the Order and Recommendation of the Magistrate Judge, it overrules her Order vacating the previously entered order allowing the amendment, and allows the counterclaim for restitution/unjust enrichment to remain in the case.

According to the explanation provided by defendant, which plaintiff does not appear to contest, the counterclaim arises out of a payment of $66,000 made to plaintiff by the defendant sometime in, or prior to, the year 2000, when the parties attempted to effect a settlement of some of plaintiff's claims of employment discrimination (*See* Defendant's Objection at 6, 13).  Apparently the proposed settlement of the claims did not reach finality because the EEOC ultimately determined the settlement agreement was invalid (*id.* at 6).  Plaintiff inexplicably retained the $66,000 payment, the defendant did not receive a release of plaintiff's claims, and this lawsuit followed.

The Magistrate Judge found that the assertion of the counterclaim for restitution was untimely given that it could have been and should have been asserted by defendant much earlier in the proceedings in this case (Recommendation at 7-8).  The Court agrees that the counterclaim could have been filed earlier, and the defendant's failure to do so is sloppy, at best, and negligent, at worst.  Yet technically, given that plaintiff was permitted to amend her complaint in November 2005, defendant would have been permitted to file the counterclaim together with his answer on

November 25, 2005. He failed to do so timely, but sought to amend some 14 days later. Thus, that delay of approximately 14 days did not prejudice plaintiff.[2]

Moreover, the Court also finds that if in fact plaintiff received $66,000 for the aborted settlement of some of her claims alleged in this case, or other claims which were never settled, it may well be inequitable for plaintiff to retain such funds. As the defendant argues, it could bring an independent action for the return of such funds (Defendant's Objection at 12-14). Were such an action brought, it would be a waste of judicial resources to have two separate actions arising from the same related set of occurrences, and if those disputes were before this Court it would probably consolidate the two matters. Finally, it is conceivable that the payment alleged by defendant may be an offset to any damages sought in this case, so that effectively the counterclaim may be implicitly a part of this case in any event.

Given these reasons, this Court does not find that unusual circumstances here require that the counterclaim be stricken or that the motion for reconsideration of the order allowing the filing of the counterclaim should be granted.

Plaintiff also apparently argued before the Magistrate Judge that defendant's motion to amend its answer to assert the counterclaim should be denied as futile. The Magistrate Judge mentioned this argument, but did not reach it in her Order and

---

[2] The Court also notes that on January 10, 2006, a further Amended Scheduling Order was apparently entered by the Magistrate Judge (Dkt. # 199). This Amended Scheduling Order sets a deadline for "joinder of parties and amendment of pleadings" by January 20, 2006 (*id.* at 5). Pursuant to this order, the defendant's December 9, 2005 motion to amend was not untimely. However, as no party cites to the Amended Scheduling Order of January 10, 2006, nor does the Magistrate Judge rely on it in her Order and Recommendation, this Court also gives no weight to the deadline stated therein for purposes of this Order.

Recommendation, and she explicitly ruled that "plaintiff's other objections . . . which are not addressed in this Order and recommendation are DENIED in their entirety." Order and Recommendation at 9. Plaintiff filed no objection from this ruling and therefore the Court need not address the futility argument. The Plaintiff's assertion that the counterclaim is untimely or barred by the statute of limitations will be addressed on the merits as appropriate.

**CONCLUSION**

Accordingly, the defendant's Objections to the Recommendation of the Magistrate Judge (Dkt. # 236) are SUSTAINED and the Court declines in part to accept the Recommendation of the Magistrate Judge filed July 21, 2006 (Dkt # 224);

The Order of the Magistrate Judge in vacating her previous order allowing the amendment to defendant's answer (Dkt # 188) is OVERRULED, and the amendment to the answer containing the counterclaim for restitution/unjust enrichment remains operative.

The plaintiff is directed to answer or otherwise respond to the counterclaim for restitution/unjust enrichment by September 19, 2006.

DATED: September 12, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge