IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02435-PSF-PAC
(formerly consolidated with 04-cv-00639-PSF-PAC)

LILLIAN F. SANDLE,

    Plaintiff,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

    Defendant.

**ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON COUNTERCLAIM**

    This matter comes before the Court on Defendant's Motion for Summary Judgment Re: Counter-Claim for Unjust Enrichment (Dkt. # 244), filed September 2, 2006. Plaintiff filed her opposition to the motion on September 25, 2006 (Dkt. # 257). The matter is ripe for determination. The Court has determined that a hearing will not materially assist the Court.

**BACKGROUND**

    This motion seeks summary judgment on the defendant's counterclaim for unjust enrichment and restitution for $66,600 paid to plaintiff and her attorney apparently in connection with an aborted settlement of her discrimination claims. According to the factual explanation provided by defendant, which plaintiff does not appear to contest, the counterclaim arises out of payments of $50,000 made to plaintiff and $16,600 to her attorney by the defendant pursuant to an April 1997 settlement agreement entered into

between defendant and plaintiff in settlement of her claims of employment discrimination (Defendant's Motion at 2). In August 2000, the EEOC ultimately determined, based on plaintiff's request, that the settlement agreement was invalid, essentially due to plaintiff's involuntary waiver of her rights under the Age Discrimination in Employment Act ("ADEA") (Plaintiff's Response at 2; *see* Exhibit 2 thereto, EEOC Determination, at 3). The EEOC determination also states that plaintiff's "retention of any consideration she may have received under the settlement agreement is no impediment to the reinstatement of her ADEA claims against the agency. . . ." The EEOC, however, advised her that any monetary award she may receive if she prevails on her claims "may be subject to offset by consideration that she has already received from the agency." (*Id.*). Plaintiff and her counsel apparently retained the $66,600 payments and the defendant, according to plaintiff, did not order request her to repay the $66,600. By letter dated October 10, 2000 the defendant advised the plaintiff that her claims would be reinstated, but made no mention of the settlement payment (Exhibit 3 to Plaintiff's Response at 1). This lawsuit followed.

On November 25, 2005, defendant timely filed his answer to plaintiff's Second Amended Complaint (Dkt. # 179) and on December 9, 2005 moved to amend his answer to assert the counterclaim for unjust enrichment and rescission (Dkt. # 185). By Order entered September 12, 2006, the Court overruled the Magistrate Judge's order striking the counterclaim and permitted it be filed (Dkt. # 250).

Defendant now asserts that it is entitled to summary judgment on its counterclaim as there are no facts in dispute. Plaintiff asserts that summary judgment

should be denied because the claim is barred by the doctrine of laches, subject to facts and circumstances that may be shown at trial, but apparently based primarily, if not solely, on the passage of time between receipt of the monies and defendant's request for claim for rescission, and not because of any affirmative action taken by defendant to cause plaintiff to change her position in reliance on defendant's action.  Rather, plaintiff simply claims that if the defendant had requested repayment of the $66,600 in 2000, plaintiff would have been in a better position to pay it then, rather than now six years later, with interest (Plaintiff's Response at 5).  Plaintiff claims that she now lacks the funds to repay a "huge sum" to counterclaimant (*id.*).  Plaintiff cites no case which supports the position that a creditor is barred by laches simply for waiting to collect its monies.  Any debtor could say it was in better position to repay when it first received the funds, rather than later when asked to repay them.

Plaintiff's present laches argument may well justify denying any claim by defendant for interest on the $66,600 amount prior to December 2005, when the counterclaim was first made, but it does not provide a basis for rejecting defendant's claim for repayment of the principal amount.  After all, defendant received no consideration for the payment once the settlement agreement was invalidated. Moreover, plaintiff was explicitly told by the EEOC that retention of the funds could lead to a setoff in any later filed case against defendant.

The Court will not enter judgment against plaintiff at this time or order the repayment of the $66,600, until the Court has heard plaintiff's full argument at trial.

However, the Court finds that at a minimum, the funds are available as a setoff to any amount that may be awarded in this case.

**CONCLUSION**

The Defendant's Motion for Summary Judgment Re: Counter-Claim for Unjust Enrichment (Dkt. # 244) is DENIED without prejudice to being renewed at a later time.

DATED: October 11, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge