IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02435-PSF-PAC
(formerly consolidated with 04-cv-00639-PSF-PAC)

LILLIAN F. SANDLE,

      Plaintiff,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

      Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

## I.    INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. # 266), filed September 28, 2006, which seeks dismissal of plaintiff's claim under the Rehabilitation Act alleging denial of a reasonable accommodation. Defendant asserts that this claim is subject to dismissal because plaintiff failed to exhaust her administrative remedies as to this claim. Plaintiff filed her opposition to the motion on October 6, 2006 (Dkt. # 277), which first argues that the defendant's motion is untimely and which also incorporates the arguments she makes in her Reply in support of her Motion for Partial Summary Judgment on the Rehabilitation Act claim, also filed by plaintiff on October 6, 2006 (Dkt. # 276 at 1-9). The matter is ripe for determination. The Court has determined that a hearing will not materially assist the Court.

## II.    BACKGROUND

Plaintiff's Second Amended Complaint (Dkt. # 169), filed November 9, 2005, alleges two claim for relief arising from her employment by the VA hospital and her separation from that employment in June 1991.  First, she claims her defendant violated the Rehabilitation Act, which prohibits discriminating against a federal employee due to a disability, by failing to provide her with reasonable accommodations (First Claim for Relief).  Second, she claims that while she was employed she was subject to a pattern of retaliation against her in the form of various adverse job actions, including her termination, due to the many filings of charges with EEO counselors and others she made during her employment with the VA, all alleged to be in violation of Title VII and the Rehabilitation Act (Second Claim for Relief).

This case is set for a ten-day trial to the Court commencing November 6, 2006. There are presently pending before the Court two motions for summary judgment and one motion to dismiss.  Plaintiff's Motion for Partial Summary Judgment (Dkt. # 242), filed September 1, 2006, seeks partial summary judgment as to the issue of liability under the Rehabilitation Act claim, only.  Defendant's Motion for Summary Judgment (Dkt. # 243), also filed September 1, 2006, seeks summary judgment against plaintiff on both of her claims.  Finally, Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. # 266), filed September 28, 2006, as noted above seeks dismissal of plaintiff's claim under the Rehabilitation Act, only, for failure to exhaust her administrative remedies as to this claim.  This order addresses only the motion to

2

dismiss, but references the briefs filed by the parties in connection with the other motions.

### A.     Timeliness of Defendant's Motion to Dismiss

On August 1, 2006, the Magistrate Judge entered a scheduling order granting an extension of time through September 1, 2006 for the filing of dispositive motions (Dkt. # 229).  The Magistrate Judge's order stated in boldface and italics (presumably for emphasis), "[n]o further extensions would be granted."  Defendant neither sought nor obtained an extension after September 1, 2006 to file its motion to dismiss, yet did not file it until September 28, 2006.  In addition, while the motion to dismiss cites to plaintiff's Second Amended Complaint, filed November 9, 2005, and argues that the Second Amended Complaint fails to allege that plaintiff exhausted her administrative remedies as to this claim, the motion gives absolutely no explanation as to why the defendant waited so long to raise the issue.  Thus, plaintiff's argument that the Motion to Dismiss is untimely is well-grounded.  While it is true that F.R.Civ.P. 12(h)(3) provides that lack of subject matter jurisdiction may be raised at any time, unfortunately here, the defendant has waited until the eve of trial, contrary to the Magistrate Judge's scheduling order and with no excuse whatsoever for not raising this matter earlier. There are important jurisprudential reasons for following a set schedule to address dispositive motions in an orderly, efficient and cost-effective manner.

On the other hand, the case law appears to be consistent in holding that a lack of subject matter jurisdiction is not waivable, may be raised by a party at any time, and the Court may even have a duty to raise it *sua sponte.  See e.g. Raccoon Recovery,*

*LLC v. Navoi Mining and Metallurgical Kombinat*, 244 F. Supp. 2d 1130, 1136 (D. Colo. 2002) and cases cited therein.  Accordingly, while the Court believes this motion should have been made in a more timely fashion, it will not deny the motion for untimeliness, as urged by the plaintiff, given the jurisdictional basis of the motion.

**B.    Whether Plaintiff Exhausted Her Administrative Remedies**

With respect to the substance of defendant's motion, the case law in the Tenth Circuit requires some level of exhaustion of administrative remedies in the context of a Rehabilitation Act claim, otherwise subject matter jurisdiction is lacking.  *See e.g.* the analysis provided in *Ransom v. U.S. Postal Service*, 170 Fed. Appx. 525, **2 (10th Cir., Feb. 10, 2006):

> Federal courts do not have jurisdiction to review Title VII and ADA claims not exhausted administratively. *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir.2004) (Title VII); *Shikles v. Sprint/United Mgmt.* Co., 426 F.3d 1304, 1309 (10th Cir.2005) (recognizing that procedural requirements of Title VII and ADA "must be construed identically"). The Rehabilitation Act also includes an administrative exhaustion requirement.  *Woodman v. Runyon,* 132 F.3d 1330, 1341 (10th Cir.1997).

The extent of the requirement to exhaust is also discussed in a footnote in *Ransom*:

> FN2. Although a claimant under the Rehabilitation Act is not required to exhaust administrative remedies in the sense of pursuing her claim to the Merit Service Protection Board, she is required to present her claims to the appropriate EEO agency before filing suit.  5 U.S.C. § 7702(a)(2); *Wells v. Shalala,* 228 F.3d 1137, 1142-43 (10th Cir.2000).

Defendant asserts that despite plaintiff having filed six EEO complaints between 1987 and 1999, she never claimed that the VA failed to accommodate her disability.

4

Defendant states that none of the complaints mention the words "failure to accommodate" or "accommodate." (Defendant's Motion at 2).  Although defendant's Motion to Dismiss does not expressly identify plaintiff's six EEO charges, nor were they attached as exhibits, the defendant has identified what it claims to be all of plaintiff's written charges in its Motion for Summary Judgment (Dkt. # 243 at 3-4), and has attached the charges as exhibits to that motion (Exhibits A-27, A-28, A-29, A-30, A-31, and A-32 to Defendant's Motion for Summary Judgment).  In addition, in its opposition to plaintiff's motion for partial summary judgment on her Rehabilitation Act claim, defendant has argued that the one formal written administrative complaint that appears to fit the time frame relevant to her denial of reasonable accommodation claim, dated August 28, 1991 (Exhibit A-30 to Defendant's Motion for Summary Judgment), relates to contacting an EEO counselor on December 18, 1990.  That date, defendant asserts, was 31 days after plaintiff's temporary Claims Clerk detail ended, and thus failed to meet the then applicable 30-day filing requirement set forth in 29 C.F.R. § 1613.214(a)(1)(i) (1987) (Defendant's Response to Motion for Partial Summary Judgment,  Dkt. # 268 at 7-10).

Plaintiff asserts that her claim for denial of reasonable accommodation is recorded in the EEO charge filed on August 28, 1991, and that her contact with the EEO counselor on December 18, 1990 satisfies the requirements of the regulation. She further contends that her charge of denial of reasonable accommodation was exhausted because the EEOC conducted an investigation of the claim, took evidence on the matter, and ultimately decided against her claim of denial of a reasonable

accommodation (Plaintiff's Reply in Support of Motion for Partial Summary Judgment,

Dkt. # 276, at 1-5).

In *Welsh v. City of Shawnee*, 1999 WL 345597 at *2 (10th Cir., June 1, 1999),

the Tenth Circuit described the function of the discrimination charge in considering the

issue of exhaustion, stating:

> The charge "shall be in writing and signed and shall be
> verified," 29 C.F.R. § 1601.9, and must at a minimum
> identify the parties and "describe generally the action or
> practices complained of," *id.* § 1601.12(b).  The charge
> tells the EEOC what to investigate, provides it with the
> opportunity to conciliate the claim, and gives the charged
> party notice of the alleged violation.

Plaintiff's Second Amended Complaint lists numerous occasions when she

alleges she filed grievances with EEO counselors, but as plaintiff has now identified the

August 28, 1991 charge as the one which she relies upon to establish that she satisfied

the filing requirement for her Rehabilitation Act claim, and for the reasons stated below,

the Court will consider only that charge in ruling on this motion, and evaluate the

charge in light of the above criteria and the following averments appearing in her

Second Amended Complaint.

With respect to her disability claim, plaintiff alleges that after she suffered a

back injury in January 1987, she was transferred for a period of time to light duty work,

apparently returning to full time nursing in June 1987 (Second Amended Complaint at

¶ 24).  Thereafter, the Second Amended Complaint alleges a history of conflict between

plaintiff and her supervisors, and the filing of several complaints with the EEO

counselor (*see e.g.* id. at ¶¶ 25-28, 46-47).

It appears that in November 1997, plaintiff requested some kind of accommodation regarding her lifting restriction that was denied (*id.* at ¶ 45). Plaintiff alleges that on December 23, 1987, and again on January 4, 1988, she filed a complaint with the EEO counselor asserting, *inter alia*, discrimination based on "handicap" (*id.* at ¶¶ 46-47). It is unclear from the Amended Complaint that these charges were investigated, as the complaint goes on to detail the investigation of other charges (*see id.* at ¶¶ 48-50), but does not explain the followup to the November 1997 and January 1988 charges.

Plaintiff alleges that on September 12, 1989 she re-injured her back (*id.* at ¶ 58). After an exchange of correspondence, the defendant allegedly advised plaintiff that having placed her on "light duty" for two weeks, it would be "very difficult" to continue to accommodate her (*id.* at ¶ 64). Plaintiff further alleges that on November 29, 1989, she filed another complaint of discrimination with the EEO counselor asserting that she had been discriminated against and subjected to retaliatory actions (*id.* at ¶ 72). It is unclear whether or not this charge related to her alleged disability discrimination.

Thereafter it appears the defendant was looking for a permanent placement for plaintiff that would accommodate her restrictions, but found none (*id.* at ¶¶ 73-77). She alleges filing another EEO complaint in June 1990, but again it is unclear whether or not this charge related to her alleged disability discrimination (*id.* at ¶ 78). On November 17, 1990, plaintiff was placed on "leave without pay status" (*id.* at ¶ 83), but apparently continued to go through some process to evaluate her physical and work

capabilities (*see id*. at ¶¶ 84-88).[1]  It was eventually recommended that plaintiff was not

physically capable of performing her nursing duties and should be "separated for

disability."  (*Id.* at ¶ 89).  She alleges that on June 29, 1991, she was fired by the

defendant "for disability."  (*Id.* at ¶ 91).

The record here shows that on November 17, 1990 plaintiff signed off on an

application for leave, inserting the statement that "[t]his request for LOWP [leave

without pay] due to on the job injury, is in protest.  I am able to work, I want to work and

can work where there is no heavy lift."  (Exhibit 16 to Motion for Partial Summary

Judgment).  According to the EEOC's investigative summary, on December 18, 1990

(31 days later) plaintiff contacted an EEO counselor because, *inter alia*, she was

subjected to a "fitness for duty" examination that resulted in a notice of separation

effective June 29, 1991 (Exhibit 2 to Plaintiff's Reply Brief in Support of Motion for

Partial Summary Judgment, at 4).

On or about August 28, 1991 plaintiff filed the relevant EEOC charge (Exhibit

A-30 to Defendant's Motion for Summary Judgment).  On that charge plaintiff checked

the box indicating "handicap" as the basis of her complaint (*id.* at 1).  The charge also

states, in the narrative section, that plaintiff was placed on "Lwop" (leave without pay)

and detailed to light duty that was "unfounded."  (*Id.*).  The form further states that on

June 29, 1991, she was "[s]eparated from the VA. involuntarily, in pretex[t] of 'Disability'

un'fit' to work as Staff nurse or in any capacity at VA. without JUST CAUSE."  (*Id.*,

emphasis in original).  In addition, sometime after August 28, 1991, plaintiff apparently

---

[1]  Defendant's Answer admits some of these allegations (*see* Answer at 19).

filed an addendum to her EEOC charge in which she states that she was "wrongfully terminated of light duty and from VA.  Non-selected for other positions within the VA. applied for, qualified for but not selected, within limitations and restrictions." (*Id.* at 4, ¶ 8).

Although the charge is hardly a model of clarity, proper grammar or punctuation, it nonetheless conveys plaintiff's claims with a sufficient degree of specificity to give the charged party notice of the alleged violation, to tell the EEOC what to investigate, and to provide the opportunity to conciliate the claim, as required by case law in this circuit.

Moreover, as plaintiff demonstrates in her Reply Brief in Support of her Motion for Partial Summary Judgment, the EEOC understood plaintiff's claims to include a claim for denial of reasonable accommodation, having found in its investigative summary (Exhibit 2 to Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment) that "[t]he Complainant also raises the issue of failure to provide reasonable accommodation" (*id.* at 7).  The EEOC also found that plaintiff "established a prima facie case of failure to accommodate in that she is a 'qualified individual with a disability.'" (*Id.* at 8).  The investigative summary concluded that "[t]he evidence disclosed that there were vacant positions that were available to accommodate [plaintiff], including the position she was detailed to perform." (*Id.* at 21).  Based on this evidence, the Court cannot say that the EEOC was not on notice of plaintiff's claim of failure to reasonably accommodate her disability, or that it did not investigate the claim.

To be sure, the EEOC Administrative Judge ultimately reversed the conclusions of the EEOC investigators because he found that plaintiff failed to identify an

9

accommodation that would enable her to perform the essential functions of the job (*see* Exhibit 6 to Plaintiff's Reply Brief at page 71), but that does not undermine the fact that the plaintiff exhausted her administrative remedies within the context of the EEOC proceedings and in accordance with the law of this circuit.

Finally, even if plaintiff's initial contact with the EEO counselor regarding the failure to accommodate claim came on the 31st day after her temporary duty ended, and thus was one day after the 30-day deadline for registering a complaint, the Court does not find that to bar her claim here.  As noted above, the EEOC addressed her claim and therefore the purpose of the time limit was met as the EEOC was timely put on notice of her claim.  *See e.g. Johnson v. Glickman*, 155 F. Supp. 2d 1240, 1246-47 (D. Kan. 2001), and cases cited therein.  Moreover, the failure to file an EEOC charge "timely," as opposed to failing completely to file such a charge, has been found to be more in the nature of an affirmative defense that is subject to waiver.  *Id.* at 1246. Here, the EEOC implicitly determined that its own regulation on timely filing was satisfied in this situation or waived any objection to timeliness by processing plaintiff's reasonable accommodation claim.

## III.    CONCLUSION

For the reasons set forth above, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 266), filed September 28, 2006, is DENIED.

DATED:  October 13, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge